# Applicability of Executive Order No. 12976 to the FDIC

Neither the Federal Deposit Insurance Corporation's broad discretion to determine the compensation of its employees nor its status as an independent agency exempts the FDIC from the requirements of Executive Order No. 12976.

April 22, 1997

MEMORANDUM OPINION FOR THE GENERAL COUNSEL
OFFICE OF MANAGEMENT AND BUDGET

You have asked us to consider whether Executive Order No. 12976, 3 C.F.R. 412 (1996), "Compensation Practices of Government Corporations" ("E.O. 12976"), applies to the Federal Deposit Insurance Corporation ("FDIC"). E.O. 12976 provides that government corporations should not pay bonuses in excess of those authorized by § 4501 through § 4507 of Title 5 of the United States Code. It also directs government corporations to submit certain compensation information to the Office of Management and Budget ("OMB") and requires wholly owned government corporations to refrain from approving bonuses in excess of the statutory bonus ceilings until OMB has had an opportunity to review the information. The FDIC maintains that E.O. 12976 does not apply to it because it has statutorily vested broad discretion to determine the compensation of its employees and because it is an independent agency.[1] As we explain below, neither of these premises supports the conclusion that E.O. 12976 is inapplicable to the FDIC. Accordingly, we believe that E.O. 12976 applies to the FDIC.

I.

President Clinton issued E.O. 12976 on October 5, 1995, to "improve the internal management of the executive branch." E.O. 12976, § 8. The order does not require that government corporations comply with statutory bonus ceilings. Rather, it states that government corporations should comply with those bonus ceilings and requires government corporations to report certain compensation practices to OMB for review.

The first section contains a "Statement of Presidential Principles." It provides that "[g]overnment corporations subject to this Order *should not* pay bonuses in excess of those authorized by sections 4501 through 4507 of title 5, United States Code, except as otherwise specifically provided by law." E.O. 12976, § 1 (emphasis added). As the underscored language suggests, this section merely

---

[1] *See* Letter for Franklin D Raines, Director, OMB, from William F Kroener, III, General Counsel, FDIC (Dec. 2, 1996); Letter for John A. Koskinen, Deputy Director for Management, OMB, from Ricki Helfer, Chairman, FDIC (Mar 28, 1996).

expresses a policy against bonuses in excess of the statutory ceilings but does not mandate compliance with those limits.[2]

The remainder of the Order imposes certain reporting requirements on government corporations and certain review procedures on OMB. Specifically, the second section directs wholly owned government corporations to submit compensation information as directed by the Director of OMB ''[b]efore taking action to approve any bonus in excess of those authorized in section 4502 of title 5, United States Code.'' E.O. 12976, § 2(a); § 6 (''Section 2 shall apply only to wholly owned corporations except such corporations that have specific authority to approve bonuses in excess of those authorized under section 4501 through 4507 of title 5, United States Code''). In addition, that section instructs wholly owned corporations to ''refrain from approving any such bonus until the Director of OMB has had an opportunity to review the information provided by the corporation.'' *Id.* § 2(a).

The third section requires all government corporations subject to the order to provide information ''relating to the compensation practices for senior executives'' to OMB in accordance with its instructions for ''when information is to be submitted, and the content and form of such information.'' *Id.* § 3(a); § 3(c). At a minimum, the information must include:

> (1) the compensation plan, procedures, and structure of such corporation;
> (2) base salary levels, annual bonuses, and other compensation; and
> (3) information supporting the senior executive compensation plan and levels.

*Id.* § 3(b).

The fourth section directs OMB, in consultation with the Department of Labor, to ''review the information submitted pursuant to section 3, taking into consideration:''

> (1) consistency with statutory requirements;
> (2) consistency with corporate mission;
> (3) standards of Federal management and efficiency; and
> (4) equivalent private sector compensation practices.

*Id.* § 4.

---

[2] *See Robinson Farms Co v. D'Acquisto,* 962 F 2d 680, 684 (7th Cir 1992) (''should'' is usually precatory, while ''shall'' is usually mandatory); *Harris County Hosp. Dist v. Shalala,* 863 F Supp 404, 410 (S D Tex 1994) (same), *aff'd,* 64 F 3d 220 (5th Cir 1995), *cf* Memorandum for Alan Kreczko, Legal Adviser, National Security Council, from Walter Dellinger, Assistant Attorney General, Office of Legal Counsel, *Re WTO Dispute Settlement Review Commission Act* (Feb 9, 1995) (difficulty created by mandatory ''shall'' language avoided by substitution of precatory ''should'' language) This is not to say that the President or Congress could never use the word ''should'' with the intent that it be mandatory rather than precatory, but there is no indication in this case of any such intent

Finally, the fifth section requires government corporations to "make available through public dissemination the information submitted pursuant to section 3 of this order." *Id.* § 5.

## II.

The FDIC argues that E.O. 12976 does not apply to it for two reasons: (1) the FDIC has broad discretion to determine the compensation of its employees under 12 U.S.C. § 1819(a)Fifth;[3] and (2) it is an independent agency. We believe that neither of these contentions entails the conclusion that E.O. 12976 is inapplicable to the FDIC. First, E.O. 12976 does not restrict the FDIC's authority to determine the compensation of its employees. As described above, it does not mandate compliance with statutory bonus ceilings or require OMB approval of agency bonus awards. With respect to the FDIC, it simply imposes reporting requirements. The waiting period applies only to wholly owned government corporations,[4] and the FDIC is a mixed-ownership corporation. *See* 31 U.S.C. § 9101(2)(C) (1994). These procedural reporting requirements do not limit or interfere with the Board's discretion to set compensation under § 1819(a)Fifth.[5]

Second, E.O. 12976 applies to the FDIC, regardless of its status.[6] E.O. 12976 is expressly premised on three specific statutory bases (in addition to the more general authority provided by the Constitution and the laws of the United States): 31 U.S.C. §§ 1105, 1108, and 1111. In enacting these statutes, Congress authorized the President to request compensation information from all agencies.

Section 1111 provides:

> To improve economy and efficiency in the United States Government, the President shall —
>
> (1) make a study of each agency to decide, and may send Congress recommendations, on changes that should be made in —

---

[3] Section 1819(a)Fifth provides in relevant part: "To appoint by its Board of Directors such officers and employees as are not otherwise provided for in this chapter, to define their duties, *fix their compensation*, require bonds of them and fix the penalty thereof, and to dismiss at pleasure such officers or employees." 12 U.S C. § 1819(a)Fifth (1994) (emphasis added).

[4] *See* E.O. 12976, § 2(a); § 6.

[5] Indeed, the reporting requirements are similar to those to which the FDIC already is subject. *See* 12 U.S.C § 1833b (1994) (requiring the FDIC, "in establishing and adjusting schedules of compensation and benefits," to inform several other agencies and Congress "of such compensation and benefits and . . . seek to maintain comparability regarding compensation and benefits") In any event, § 1819(a)Fifth only contains a broad grant of authority to fix compensation, which is subject to more specific limitations

[6] We do not mean to suggest concurrence in the FDIC's view of itself as an independent agency. A comprehensive discussion of the relevant principles appears in *The Constitutional Separation of Powers Between the President and Congress*, 20 Op. O.L.C 124, 166–70 (1996). For purposes of this memorandum, it is not necessary to decide what, if any, independence from presidential control the FDIC possesses.

(A) the organization, activities, and business methods of agencies;

(B) agency appropriations;

(C) the assignment of particular activities to particular services; and

(D) regrouping of services; and

(2) evaluate and develop improved plans for the organization, coordination, and management of the executive branch of the Government.

31 U.S.C. § 1111 (1994). For purposes of the provisions relevant here, "agency" is defined as any "department, agency, or instrumentality of the United States" and includes any *"independent regulatory commission or board."* 31 U.S.C. § 1101 note (1994) (emphasis added); § 101 (1994); *cf.* § 102 (defining "executive agency" as "a department, agency, or instrumentality in the executive branch of the United States Government").[7] Thus, Congress authorized the President to study and recommend changes with respect to all federal entities except Congress and the Supreme Court.

E.O. 12976 is an appropriate mechanism for complying with § 1111. The information requested in section 3 of the Order (compensation plan, procedures, and structure; compensation levels; related information) enables the President to evaluate "the organization, activities, and business methods" of agencies such as the FDIC, as well as their appropriations needs. Furthermore, the reporting requirements advance the goals of § 1111 to "improve economy and efficiency in the United States Government" by directing OMB to consider the compensation practices of government corporations against "standards of Federal management and efficiency" and "equivalent private sector compensation practices." E.O. 12976, § 3.

The reporting requirements also aid the President in carrying out his duties under section 1105. That section directs the President each year to "submit a budget of the United States Government" along with "supporting information." 31 U.S.C. § 1105(a) (1994). Toward that end, section 1108 requires the head of each agency to "prepare and submit to the President each appropriation request for the agency . . . in the form prescribed by the President under this chapter and by the date established by the President." 31 U.S.C. § 1108(b)(1) (1994); § 1108(d)(1)–(2) (head of each agency must "provide information supporting the agency's budget request for its missions by function and subfunction . . . and

---

[7] The term "agency" also includes the District of Columbia government but does not include "the legislative branch or the Supreme Court." 31 U S C § 1101(1) (1994)

. . . relate the agency's programs to its missions''). E.O. 12976 prescribes the form and date for submitting certain compensation information.

DAWN E. JOHNSEN
*Acting Assistant Attorney General*
*Office of Legal Counsel*